1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

OMAR HERNANDEZ,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*,

    *Respondents*.

2:13-cv-01459-APG-NJK

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (#1) to proceed *in forma pauperis* and for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The Court finds that petitioner is unable to pay the filing fee, and the pauper application therefore will be granted. Following review, it appears that the petition is subject to dismissal with prejudice as time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1). Petitioner therefore will be directed to show cause why the petition should not be dismissed as time-barred.

## *Background*

The papers on file and the online docket records of the state courts reflect the following.

Petitioner Omar Hernandez was convicted, pursuant to an *Alford* plea, of three counts of robbery with the use of a deadly weapon. The judgment of conviction was filed on July 1, 2002. Petitioner did not appeal. The time for doing so expired on July 31, 2002.

Over six years later, on August 9, 2008, petitioner filed a state post-conviction petition. Following appointment of state post-conviction counsel, the state district court dismissed the

petition as, *inter alia*, untimely.  In No. 54791, the state supreme court affirmed on December 10, 2010, rejecting petitioner's arguments seeking to establish cause for the untimely state court filing.

Petitioner thereafter filed a second state post-conviction petition *pro se* on June 16, 2011.  The state district court again dismissed, also on the basis of untimeliness.  Notice of the state district court decision was given on September 22, 2011.  No appeal was taken.

On July 11, 2012, petitioner filed a motion to withdraw guilty plea in the state district court.  The state district court denied the motion.  In No. 61490, the state supreme court affirmed on the basis that the motion was barred by laches.  The order of affirmance was filed on April 9, 2013, and the remittitur issued on May 7, 2013.

On or about August 5, 2013, petitioner mailed the present federal petition to the Clerk of this Court for filing.

### Discussion

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review."

In the present case, the limitation period therefore began running after the time expired for taking a direct appeal, *i.e.*, after July 31, 2002.  Absent tolling or delayed accrual, the limitation period expired one year later on July 31, 2003, a full decade before the constructive filing of the present federal petition.

Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review.  However, all of petitioner's state court filings were filed years after the federal limitation period already had expired absent other tolling or delayed accrual.

-2-

1  Moreover, an untimely state proceeding in any event does not statutorily toll the federal
2  limitation period.  *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

3  Petitioner therefore must show cause in writing why the petition should not be
4  dismissed with prejudice as time-barred.

5  In this regard, petitioner is informed that the one-year limitation period may be equitably
6  tolled.  Equitable tolling is appropriate only if the petitioner can show:  (1) that he has been
7  pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way
8  and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010).  Equitable tolling
9  is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the
10  threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the
11  rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v.*
12  *Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)).  The petitioner ultimately has the burden of
13  proof on this "extraordinary exclusion." 292 F.3d at 1065.  He accordingly must demonstrate
14  a causal relationship between the extraordinary circumstance and the lateness of his filing.
15  *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  *Accord Bryant v. Arizona Attorney*
16  *General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

17  Petitioner also is informed that, under certain circumstances, the one-year limitation
18  period may begin running on a later date or may be statutorily tolled.  See 28 U.S.C. §
19  2244(d)(1)(B), (C) & (D) & (d)(2).

20  Moreover, if petitioner seeks to avoid application of the time-bar based upon a claim
21  of actual innocence, he must come forward with new reliable evidence tending to establish
22  his innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him
23  guilty beyond a reasonable doubt, as to all of the charges pending against him in the case
24  prior to the plea.  *See McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013);  *House v. Bell*, 547 U.S.
25  518 (2006); *Bousley v. United States*, 523 U.S. 614 (1998); *Lee v. Lampert*, 653 F.3d 929 (9th
26  Cir. 2011)(*en banc*).

27  IT THEREFORE IS ORDERED that petitioner's application (#1) to proceed *in forma*
28  *pauperis* is GRANTED such that petitioner will not be required to pay the $5.00 filing fee.

-3-

1     IT FURTHER IS ORDERED that the Clerk of Court shall file the petition.

2     IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, petitioner

3   shall SHOW CAUSE in writing why the petition should not be dismissed with prejudice as

4   time-barred.  If petitioner does not timely respond to this order, the petition will be dismissed

5   with prejudice as time-barred without further advance notice.  If petitioner responds but fails

6   to show – with specific, detailed and competent evidence – that the petition is timely, the

7   action will be dismissed with prejudice.

8     IT FURTHER IS ORDERED that all assertions of fact made by petitioner in response

9   to this show-cause order must be detailed, must be specific as to time and place, and must

10   be supported by competent evidence.  The Court will not consider any assertions of fact that

11   are not specific as to time and place, that are not made pursuant to a declaration under

12   penalty of perjury based upon personal knowledge, and/or that are not supported by

13   competent evidence filed by petitioner in the federal record.  Petitioner must attach copies of

14   all materials upon which he bases his argument that the petition should not be dismissed as

15   untimely.  Unsupported assertions of fact will be disregarded.

16     DATED:  *August 19, 2013.*

17

18

19

20     _____
       ANDREW P. GORDON
       United States District Judge

21

22

23

24

25

26

27

28

-4-