UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OMAR HERNANDEZ,<br><br>                *Petitioner*,<br>vs.<br><br>DWIGHT NEVEN, *et al.*,<br><br>                *Respondents*. | Case No. 2:13-cv-01459-APG-NJK<br><br>**ORDER** |

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry as to whether the petition is time-barred because it was not filed within the one-year limitation period in 28 U.S.C. § 2244(d)(1). This order follows upon an earlier show-cause order (Dkt. #2) and petitioner's response (Dkt. #4) thereto.

*Background*

    The papers on file and the online docket records of the state courts reflect the following procedural history, which is not disputed by petitioner.

    Petitioner Omar Hernandez was convicted, pursuant to an *Alford* plea, of three counts of robbery with the use of a deadly weapon. The judgment of conviction was filed on July 1, 2002. Petitioner did not appeal. The time for doing so expired on July 31, 2002.

    Over six years later, on August 9, 2008, petitioner filed a state post-conviction petition. Following appointment of state post-conviction counsel, the state district court dismissed the petition as, *inter alia*, untimely. In Case No. 54791, the state supreme court affirmed on December 10, 2010, rejecting petitioner's arguments seeking to establish cause for the untimely state court filing.

1 Petitioner thereafter filed a second state post-conviction petition *pro se* on June 16, 2011. The
2 state district court again dismissed, also on the basis of untimeliness. Notice of the state district court
3 decision was given on September 22, 2011. No appeal was taken.

4 On July 11, 2012, petitioner filed a motion to withdraw guilty plea in the state district court.
5 The state district court denied the motion. In Case No. 61490, the state supreme court affirmed on the
6 basis that the motion was barred by laches. The order of affirmance was filed on April 9, 2013, and
7 the remittitur issued on May 7, 2013.

8 On or about August 5, 2013, petitioner mailed the present federal petition to the Clerk of this
9 Court for filing.

10 *Discussion*

11 Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* has raised the
12 question of whether the petition is time-barred for failure to file the petition within the one-year
13 limitation period in 28 U.S.C. § 2244(d)(1).

14 ***Base Calculation of the Limitation Period***

15 Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled
16 or subject to delayed accrual, begins running after "the date on which the judgment became final by the
17 conclusion of direct review or the expiration of the time for seeking such direct review."

18 In the present case, the limitation period therefore began running after the time expired for
19 taking a direct appeal, *i.e.*, after July 31, 2002. Absent tolling or delayed accrual, the limitation period
20 expired one year later on July 31, 2003, a full decade before the constructive filing of the present
21 federal petition.

22 Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the
23 pendency of a properly filed application for state post-conviction relief or for other state collateral
24 review. However, all of petitioner's state court filings were filed years after the federal limitation
25 period already had expired absent other tolling or delayed accrual. Moreover, an untimely state
26 proceeding in any event does not statutorily toll the federal limitation period. *See Pace v. DiGuglielmo*,
27 544 U.S. 408 (2005).

28 The federal petition therefore is untimely on its face, absent other tolling or delayed accrual.

*Equitable Tolling*

Petitioner seeks to establish a basis for equitable tolling of the limitation period.

Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *See, e.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner maintains that he is entitled to equitable tolling from July 31, 2002 to within at least a year of the constructive filing of the federal petition on August 5, 2013. Petitioner asserts that: (a) he "was unaware that no appeal was taken, due to counsel's failure to file an appeal upon petitioner's request and due to petitioner being transferred out of state to Arizona on 11/26/02;" (b) his court records and personal property never were transferred to Arizona or recovered thereafter; (c) over five years later, "on or about 04/03/08, petitioner was transferred back to Nevada . . . [and] there upon petitioner became aware that plea counsel died in early 2007;" and (d) "[d]ue to counsel [sic] death, the unability [sic] to gain the court's record and transcripts, being placed in prison soliditary [sic] confinement, unable to speak English and being out of state for 6 years, petitioner filed his state post conviction petition on 8/9/08 and 5/19/09." Petitioner otherwise recites the remaining procedural history without elaboration as to any circumstances allegedly warranting tolling during his multiple untimely state proceedings.

The Court is not persuaded that petitioner has presented a viable basis for equitable tolling for the initial nearly six-year period from July 31, 2002, through his return from Arizona on April 3, 2008. An inmate held in an Arizona prison is no less able to inquire as to the status of court proceedings than is an inmate held in a Nevada prison. Both can communicate with the outside world in the main only

via correspondence and by telephone. Petitioner presents no facts that would lead a reasonable person, following adequate inquiry, to believe that his counsel had filed a direct appeal that was pending for nearly six years from July 31, 2002, and into April 2008. Petitioner refers to no specific communications in his written show-cause response either to or from counsel or a court providing any objectively reasonable basis for believing that petitioner had a direct appeal pending for that nearly six-year period. Petitioner presents no specific facts tending to support any inference other than that he simply took no action regarding his conviction after he left the state.[1] Petitioner's response establishes neither the existence of some extraordinary circumstance standing in the way of a timely federal filing during this period nor the exercise of diligence by petitioner during this period.

Moreover, the materials that petitioner submits with the written show-cause response belie his statement to the Court in the written response. In a May 19, 2009, state court filing with a supporting affidavit personally by Hernandez, the then-represented petitioner instead asserted the following:

> 7. I did not know of my appellate rights from my attorney, Mr. Waite, but found out instead from a fellow inmate in 2006;
>
> 8. As soon as I found out about my right to appeal, I called Mr. Waite in June of 2006, and told Mr. Waite that I wanted to appeal my conviction;
>
> 9. Mr. Waite told me that he will look into the matter and will get back to me;

---

[1] The show-cause order explicitly stated that petitioner must present specific facts supported by competent evidence in order to carry his burden to overcome the untimeliness of his petition:

> IT FURTHER IS ORDERED that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

See Dkt. #2, at 4.

As discussed in the text, the bare assertions in the show-cause response in any event do not establish a basis for equitable tolling. Petitioner further did not assert any facts pursuant to a declaration under penalty of perjury. The fact that – as is discussed *infra* – the documents that he attaches with the response include material belying what he states in the show-cause response underscores the materiality of petitioner's failure to support his assertions by a declaration under penalty of perjury.

        10. I never heard from Mr. Waite again.

Dkt. #4, at electronic docketing page 12. See also *id.*, at 9-11.[2]

The federal limitation period, absent tolling or delayed accrual, expired on July 31, 2003. If petitioner did not know that he had a right to file an appeal until June 2006, then he could not have believed his counsel was pursuing an appeal. Thus, this could not have provided a basis for petitioner not filing a federal habeas petition from July 31, 2002 through the expiration of the federal limitation period on July 31, 2003 – or at any point for years thereafter. Petitioner's alleged ignorance of the law otherwise does not provide a basis for equitable tolling during that period of time. *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

However, even if the Court were to assume *arguendo* that petitioner might be entitled to equitable tolling through his return to Nevada in April 2008, he provides no basis for equitable tolling thereafter. Over the ensuing approximately five-year period, petitioner filed a state post-conviction petition on August 9, 2008, a second state petition on June 16, 2011, and a motion to withdraw guilty plea on July 11, 2012. Approximately two years and eight months passed after the state supreme court affirmed the dismissal of the first petition as untimely prior to the filing of the federal petition. Two years passed after the filing of the second state petition, which was dismissed within approximately three months as untimely, prior to the filing of the federal petition. And more than a year passed after the filing of the motion to withdraw guilty plea prior to the filing of the federal petition. Petitioner clearly was capable of filing and in fact was filing multiple petitions and other court papers during this five-year period – he just did not file a federal petition.

The show-cause order was clear both that the untimely state proceedings did not automatically toll the federal limitation period and, again, that petitioner must present specific facts supported by competent evidence to overcome the untimeliness of his petition. He failed to present any specific facts

---

[2] Petitioner perhaps may avoid a federal criminal prosecution for perjury by not making his factual assertions to the Court in a declaration under penalty of perjury. Making a false statement to the Court, however, nonetheless may provide a basis for, *inter alia*, a disciplinary conviction for major violation MJ48 by the state corrections department.

for the second five-year period in question that would tend to establish a basis for tolling.

Particularly against this backdrop, petitioner's conclusory assertion that he was unable to speak English does not provide a basis for equitable tolling, as to any relevant time period. Rather, under *Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006), "a non-English-speaking petitioner seeking equitable tolling must, *at a minimum*, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." 449 F.3d at 1170 (emphasis added). Petitioner tenders no specific facts supported by competent evidence that would tend to make such a showing as to the nearly six-year period that he was in Arizona.[3] He clearly cannot make such a demonstration as to the approximately five years after he returned to Nevada – during which he filed two state post-conviction petitions and a motion to withdraw guilty plea.

Nor does petitioner's bare assertion that he did not have all of the relevant records and transcripts establish a basis for equitable tolling for a decade. *See Waldron-Ramsey*, 556 F.3d at 1014 (the petitioner's lack of access to all of his files did not provide a viable basis for equitable tolling because he could have filed a timely original petition and then sought to amend to allege additional information). This conclusion especially holds true during the five-year period during which petitioner filed two state post-conviction petitions and a motion to withdraw guilty plea.

Nor does petitioner's conclusory assertion that he was in solitary confinement for some unspecified period of time, and under unspecified conditions as to court and legal resource access,[4] establish a basis for equitable tolling for a decade, particularly during the five-year period during which

---

[3]Petitioner attaches with his show-cause response copies of five inmate request forms, or "kites," seeking materials from the inmate law library in Arizona in 2004. As discussed in the following footnote, these kites pertained to petitioner's then-pending Arizona cases rather than to his Nevada case. With regard to language competence and translation issues, however, it is noteworthy that petitioner requested therein: "If this [requested] paperwork is available could I please receive it in Spanish. If not English is fine." Dkt. no. 4, at electronic docketing page 15.

[4]Of the five 2004 kites referenced in the preceding footnote, one kite seeks the forms for an Arizona state post-conviction proceeding, with a later kite confirming that petitioner sought the Arizona form to challenge an Arizona conviction. The remaining kites explicitly reference a criminal case number or numbers for petitioner's then-pending Arizona cases. None of the kites – which had a space for the criminal case number – reference his Nevada case number. The kites thus can show no basis for equitable tolling as to a federal petition challenging petitioner's Nevada conviction. The kites instead tend to confirm that petitioner generally had legal resource access while in Arizona, the particularized response issue that he pursues – in English – in the kites notwithstanding.

1  he filed two state post-conviction petitions and a motion to withdraw guilty plea.

2  Especially on a petition that is untimely by a decade, petitioner must do far more to establish
3  a potentially viable basis either for equitable tolling or for further inquiry, including not making a false
4  statement to the Court in the written show-cause response that is belied by the materials attached with
5  the response.

6  The petition therefore will be dismissed with prejudice as untimely.

7  **IT THEREFORE IS ORDERED** that the petition shall be DISMISSED with prejudice as
8  untimely.

9  **IT FURTHER IS ORDERED** that a certificate of appealability is DENIED.  Jurists of reason
10 would not find the district court's dismissal of the petition as untimely to be debatable or wrong.  The
11 federal petition is untimely by a decade.  Petitioner's conclusory assertions in the written show-cause
12 response do not tend to establish a viable basis for equitable tolling during the nearly six years that
13 petitioner was in custody in Arizona.  Moreover, petitioner's principal assertion that he believed
14 counsel was pursuing an appeal in Nevada following petitioner's transfer to Arizona custody in 2002
15 is directly belied by the materials that he attaches with the written response.  In all events, after his
16 return to Nevada, petitioner filed two state post-conviction petitions and a motion to withdraw guilty
17 plea, with the last proceeding being initiated more than a year prior to the federal proceeding and the
18 remaining proceedings being initiated and/or concluded multiple years before the federal filing.
19 Petitioner thus presents no arguably viable basis for equitable tolling in his show-cause response.

20 **IT FURTHER IS ORDERED** that, pursuant to Rule 4 of the Rules Governing Section 2254
21 Cases, the Clerk shall provide notice of this order by informal electronic service upon respondents
22 through Attorney General Catherine Cortez Masto, along with regenerated notices of filing of all prior
23 filings herein,  as per the Clerk's current practice.  **No response is required from respondents, other
24 than to respond to any orders of a reviewing court.**

25 Dated: July 3, 2014.

_____
ANDREW P. GORDON
United States District Judge